# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 50067 | **DATE** | 7/2/2012 |
| **CASE TITLE** | Northern Grain Marketing, LLC vs. Greving | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants defendant's motion to dismiss and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　Electronic Notices.

## STATEMENT - OPINION

    Plaintiff, Northern Grain Marketing, LLC, filed a one-count complaint based on diversity jurisdiction against defendant, Marvin Greving, a citizen of Wisconsin, seeking to compel arbitration, pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, of a contract dispute between the parties.[1] Defendant has moved to dismiss the complaint, raising the following four bases: (1) that, pursuant to Fed. R. Civ. P. 12(b)(6), there is no basis to compel arbitration under the facts alleged; (2) that, pursuant to Rule 12(b)(2), the exercise of personal jurisdiction over defendant would violate due process; (3) that, pursuant to Rule 12(b)(3), venue is not proper in this district; and (4) that this action should be dismissed or stayed under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), because there is a parallel action involving these parties pending in a Wisconsin state court. Plaintiff responds that based on written confirmations that contained an arbitration requirement this case is in fact arbitrable. Plaintiff further contends that venue is proper because a substantial part of the events or omissions giving rise to the claim occurred within this district and that arbitration may proceed in this district. Plaintiff further asserts that Colorado River abstention should not be invoked because although the two cases are parallel, the various factors under Colorado River favor maintaining the case here. Finally, plaintiff argues that personal jurisdiction over defendant is proper because defendant had the minimum contacts Constitutionally necessary to require him to defend himself in Illinois.

    While the court has carefully considered each basis for dismissal (or stay), the court finds the personal jurisdiction issue to be dispositive. The Due Process Clause of the Fourteenth Amendment prevents a state from exercising specific jurisdiction[2] over a defendant, unless the defendant had certain minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Citadel Group, Ltd. v. Washington Regional Medical Ctr., 536 F. 3d 757, 761 (7th Cir. 2008). A state has an interest in providing its residents with a forum for redressing harms caused by an out-of-state actor, particularly where the out-of-state actor has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. Citadel Group, Ltd., 536 F. 3d at 761. The defendant's contacts, however, must not be merely random, fortuitous, or attenuated. Citadel Group, Ltd., 536 F. 3d at 761. Rather, the defendant's conduct and connection with the forum state must be such that he should reasonably anticipate being haled into court there. Citadel Group, Ltd., 536 F. 3d at 761.

    In the context of a contractual relationship, the contracts alone do not automatically establish sufficient minimum contacts. Citadel Group, Ltd., 536 F. 3d at 761. The court must look beyond the mere fact of contracting to

| STATEMENT - OPINION |
|---|

the parties' prior negotiations and contemplated future consequences, the terms of the contracts, and the parties' actual course of dealing. Citadel Group, Ltd., 536 F. 3d at 761. The court does not consider, however, the unilateral activity of parties who have some relationship with the out-of-state defendant. Citadel Group, Ltd., 536 F. 3d at 761-62. In determining the parties' prior negotiations and contemplated future consequences, the terms of the contracts, and the actual course of dealing, the court must consider several factors, including who initiated the transaction, where the contract was entered into, where the performance was to take place, and where the contract was negotiated. Citadel Group, Ltd., 536 F. 3d at 762.

Procedurally speaking, a complaint need not include facts alleging personal jurisdiction. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F. 3d 773, 782 (th Cir. 2003). However, once a defendant moves to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of such jurisdiction. Purdue Research Foundation, 338 F. 3d at 782. When a court rules on a defendant's motion to dismiss based on the submission of written materials as opposed to holding an evidentiary hearing,[3] the plaintiff need only make out a prima facie case of personal jurisdiction. Purdue Research Foundation, 338 F. 3d at 782. In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record. Purdue Research Foundation, 338 F. 3d at 782.

Here, plaintiff has failed to make the required prima facie showing that personal jurisdiction over defendant is proper under the Due Process Clause. Plaintiff has submitted no evidence that defendant ever was physically present in Illinois other than at the seed gathering in Rochelle in 2003. But that is nothing more than a fortuitous event as there is no evidence that defendant traveled there for the purpose of soliciting business or engaging in a contractual relationship with plaintiff or anyone else. Nor is there any evidence that defendant attended the gathering as an invitee of plaintiff. The undisputed evidence establishes that plaintiff's representative, Tom Wilson, and defendant met by complete happenstance while at the gathering. Additionally, there is no evidence that defendant solicited or initiated any sort of business relationship with Wilson or anyone else while he was at the gathering. This is not the type of conduct that is sufficient to justify haling defendant into court in this state.

Nor do any of the aspects of the course of dealing between the parties support imposition of personal jurisdiction over defendant. While there were several contacts over the course of several years, there is no evidence that defendant had any significant contacts with Illinois beyond some telephone calls made from Wisconsin. Similarly, his in person meetings with Wilson (other than the initial happenstance encounter in Rochelle) all occurred in Wisconsin. Defendant's grain was grown and harvested in Wisconsin. Further, he performed his obligations under the contracts by delivering his grain to an elevator in Wisconsin. Thus, neither his grain nor any vehicles operating at his direction ever directly entered Illinois.[4] Also, the mere fact that contracts and settlement checks originated in Illinois is insufficient, even when considered with all the other facts, to justify invocation of personal jurisdiction in this case. Neither is there any evidence that defendant ever solicited any purchases of grain by plaintiff. In fact, defendant's undisputed declaration states that Wilson solicited the sales of grain by defendant to plaintiff. When all the evidence is considered in totality, even in the light most favorable to plaintiff, plaintiff has not satisfied the prima facie standard required to exercise personal jurisdiction over defendant in this state. Accordingly, the court grants defendant's motion to dismiss under Rule 12(b)(2) and dismisses this cause in its entirety.[5]

---

1. Plaintiff is in the business of buying and selling grain, and defendant is a farmer who raises grain in Walworth County, Wisconsin.

2. Plaintiff properly does not contend that there is any basis to invoke general jurisdiction over defendant.

3. Neither party has sought an evidentiary hearing here and has relied on the submission of written materials only.

4. To the extent plaintiff eventually transported the grain into Illinois is of no consequence as that would be unilateral conduct not affecting defendant's amenability to personal jurisdiction here.

5. Because the court dismisses this case on this basis, it need not decide any of the remaining issues.